UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

CONNIE D. VANZANT, )
 )
    Plaintiff, )
 )
 )
v. ) 4:05-CV-90
 ) (JARVIS/SHIRLEY)
 )
JO ANNE B. BARNHART, )
Commissioner of )
Social Security, )
 )
    Defendant. )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of plaintiff's motion for judgment on the pleadings [Doc. 9] and the defendant's motion for summary judgment. [Doc. 11]. Plaintiff Connie D. Vanzant seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

    The ALJ made the following findings:

> 1. The claimant meets the disability insured status requirements of the Act at least through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since February 21, 2002.
>
> 3. The claimant has "severe" impairments, as described in the decision, but does not have an impairment or combination of impairments listed in,

or medically equal to one listed in Appendix 1,
Subpart P, Regulations No. 4.

4. The claimant's subjective complaints are not
fully credible.

5. The claimant has the residual functional capacity
to perform light work activity.

6. The claimant's limitations would not prevent the
claimant from performing past relevant work as a
secretary.

7. The claimant has not been under a "disability" as
defined in the Social Security Act, at any time
through the date of the decision.

(Tr. 24).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id., 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

The sole issue on appeal is whether the ALJ erred in finding that plaintiff could return to her past work as a secretary. Plaintiff argues that her obesity and degenerative disk disease limit her to only sedentary work and that under Grid Rule 201.12 she would be disabled, arguing that Dr. Arellano found that she could perform only sedentary work. Furthermore, plaintiff maintains that the ALJ erred in not finding that she was disabled by pain, although she contends that she experiences pain in all areas of her life where any exertion or excessive

2

movement is required. Lastly, plaintiff maintains that she is entitled to benefits during the closed period of time from May 2002 to August 2003 because she was effectively limited to the use of one arm.

The Commissioner asserts that substantial evidence supports the ALJ's finding that plaintiff could return to her past work as a secretary. She maintains that the vocational expert ("VE"), who classified plaintiff's past work as a secretary as sedentary work, testified that despite plaintiff's arm limitations she would still be capable of performing her past work as a secretary. (Tr. 17, 24, 437, 457-58). The Commissioner insists that plaintiff confuses her last job as an office manager with her previous job as a secretary, noting that the VE testified that while plaintiff's last job as an office manager is generally performed as sedentary work, plaintiff performed it at the medium level. (Tr. 437). Also, the Commissioner insists that the Grid is not applicable at Step 4.

Moreover, the Commissioner contends that the ALJ also based his Step 4 finding on treating physician Dr. Arellano's opinion that plaintiff could lift and carry up to 20 pounds occasionally; sit for 8 hours in an 8-hour workday; stand and walk for 5 hours in an 8-hour workday; occasionally bend, squat, crawl, climb, and stoop; never reach above shoulder level or be exposed to marked temperature extremes; and could use her right hand for repetitive action. (Tr. 307). The Commissioner also maintains that Dr. Arellano was aware of plaintiff's obesity because he was counseling her on her weight loss plan. (Tr. 236-37, 320).

Further, the Commissioner maintains that the record supports the ALJ's conclusion that plaintiff could return to her past work because no treating or examining physician found she was disabled (Tr. 23); treatment, such as physical therapy, had been

3

effective in treating her symptoms (Tr. 294-95); plaintiff denied any kind of significant pain: she reported to her physical therapists that her pain level was a 0/10 and that she only had soreness, reported to Dr. Emadian that her pain level was a 0/10 and, at worst, a 3 or 4 out of 10 (Tr. 294-95, 326), and reported to Dr. Extine that she was doing "very, very well" with her left shoulder and that she had resumed normal activities. (Tr. 335). Moreover, the Commissioner points out that the ALJ found that plaintiff's daily activities were also inconsistent with her claims of disabling limitations: she was a foster mother for two teenage children (Tr. 23, 443-44); she met her personal needs, drove, shopped, prepared food, did her laundry, and occasionally ate at restaurants (Tr. 247); and she quit her job in October 2001 because of stress and because her employer had stopped paying for the employees' insurance. (Tr. 23, 246).

Lastly, the Commissioner points out that plaintiff's argument that the ALJ erred by not finding her disabled for a closed period of time from May 22, 2002 to August 23, 2003, is without merit because Dr. Sciadini instructed plaintiff to stay off work for only four to six weeks (Tr. 213) and by April 2003, she was no longer making any complaints of shoulder or back pain to Dr. Arellano. (Tr. 235).

Plaintiff has the burden of proving he can no longer perform her past relevant work. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 109 (6th Cir. 1989); Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, it is the ALJ's responsibility to determine a claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1546, 416.946. Once he determines a plaintiff's RFC, 20 C.F.R. §§ 404.1546, 416.946, he compares it to the requirements of plaintiff's past work. 20 C.F.R. §§ 404.1520(e), 404.1560(b), 416.920(e), 416.960(b). If that past job did not require plaintiff to

4

perform activities in excess of his RFC, plaintiff will be found not disabled.  20 C.F.R. §§ 404.1520(e), 404.1560(b), 404.1561, 416.920(e), 416.960(b)

In the instant case, I find no error with the ALJ's Step 4 finding.  Although VE testimony is not required at this step, the ALJ may consider classifications by the VE in making his determination, which the ALJ stated he did in this case. (Tr. 17)  Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997); Walker v. Secretary of Health and Human Services, 884 F.2d 241, 245 (6th Cir. 1989) (VE's testimony may be considered in outlining the demands of a claimant's past work and in assessing whether a claimant can perform his past work). In addition, the ALJ relied on treating physician Dr. Arellano's assessment that plaintiff could perform light work: lifting and carrying up to 20 pounds occasionally; sitting for 8 hours in an 8-hour workday; standing and walking for 5 hours in an 8-hour workday; occasionally bending, squatting, crawling, climbing, and stooping; never reaching above shoulder level or being exposed to marked temperature extremes; and could use her right, not left, hand for repetitive work. (Tr. 24, 307). Furthermore, the Commissioner correctly notes that plaintiff's argument that Grid Rule 201.12 would direct a finding of disabled is not appropriate because the Grid is not applicable at Step 4 because the burden of proof remains with the plaintiff.  See Born v. Secretary of Health and Human Services, 923 F.2d 1168, 1173 (6th Cir. 1990); 20 C.F.R. Part 404, Subpart P, Appendix 2.

With respect to plaintiff's argument regarding her obesity, I find that the ALJ discussed her obesity, as well as her other impairments, and reasonably concluded that she did not meet a listing impairment, stating that "[i]n reaching my conclusions in this case, I have considered the combined effects of obesity with other impairments, and have considered the

5

effects of obesity not only under the listings, but also in assessing this claim at all steps of the sequential evaluation process, including the assessment of the claimant's residual functional capacity." (Tr. 22).

Additionally, the ALJ considered plaintiff's activities of daily living and her allegations of pain in finding that plaintiff could return to her past work. Specifically, he noted that plaintiff testified that she had worked approximately 25 hours per week for several months after her surgery; cared for teenage foster children; and took care of her personal needs, all of which undermine her claim of complete disability. (Tr. 23) 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (ALJ considers daily activities in determining functional restrictions due to pain). As for her allegations of pain, the record reveals that the plaintiff and her treating sources noted that her pain was not significant: plaintiff reported to her physical therapists that her pain was a 0 out of 10 and that she had no pain, just soreness (Tr. 294-95); reported to Dr. Extine that she was doing "very, very well" with her left shoulder and was resuming normal activities (Tr. 335); and reported to Dr. Emadian that her pain level was a 0 out of 10, with the worst pain at a 3 or 4 out of 10. (Tr. 326). Dr. Emadian noted that "[t]he fact that she has improved with physical therapy, is using less pain medications and is getting satisfactory relief from her TENS unit, the continued use of conservative measures will be the mainstay of her treatment regimen." (Tr. 327). Thus, the ALJ reasonably concluded that plaintiff's claims of severe pain were without merit. Villarreal v. Secretary of Health and Human Services, 818 F.2d 461, 464 (6th Cir. 1987) (determination of disability from pain is within province of ALJ).

Finally, although plaintiff contends that she should be entitled to benefits for the closed period of time from May 2002 to August 2003, she testified that she returned to work six

6

Case 4:05-cv-00090   Document 13   Filed 07/12/06   Page 6 of 7   PageID #: 6

weeks after her surgery in May 2002 and had worked 25 hours per week until October 1, 2002 (Tr. 428, 448), which severely undermines her claim for benefits during this closed period of time.

Based on the foregoing, it is hereby **RECOMMENDED**[1] that the plaintiff's motion for judgment on the pleadings [Doc. 9] be **DENIED** and that the defendant's motion for summary judgment [Doc. 11] be **GRANTED**.

>     Respectfully submitted,
> 
>     ␣␣s/C. Clifford Shirley, Jr.␣␣
>     United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).